**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:               January 27, 2012

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Probation Officer: Justine Kozak

**Criminal Action No.  10-cr-00542-REB**

*Parties:*                                    *Counsel:*

UNITED STATES OF AMERICA,                     Colleen Covell

    Plaintiff,

v.

3.  IVAN ULLOA,                               Lisa Polansky

    Defendant.

**SENTENCING MINUTES**

**1:56 p.m.     Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

**Exhibits Offered:** *Defendant's Exhibit A, Defendant's Exhibit B, Defendant's Exhibit C, Defendant's Exhibit D, Defendant's Exhibit E, Defendant's Exhibit F, Defendant's Exhibit G, Defendant's Exhibit H*

**Exhibits Admitted:** *Defendant's Exhibit A, Defendant's Exhibit B, Defendant's Exhibit C, Defendant's Exhibit D, Defendant's Exhibit E, Defendant's Exhibit F, Defendant's Exhibit G, Defendant's Exhibit H*

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;

- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the **Government's Motion Pursuant to 18 U.S.C. §3553(e) and §5K1.1 for Downward Departure Based on Substantial Assistance and for Three Level Reduction in Base Offense Level** [#603] filed January 12, 2012, is **GRANTED**, but only insofar as consistent with and limited by the court's findings and conclusions and the following orders;

    - the defendant's **Motion for Downward Departure/Variance and Sentencing Statement by Defendant Ivan Ulloa** [#529] filed October 7, 2011, is **GRANTED IN PART** and **DENIED IN PART**; the motion for downward departure is DENIED, the motion for downward variance is GRANTED, but only insofar as consistent with the foregoing findings and conclusions and the following orders;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 1 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984 and the provisions of 18 U.S.C. §§, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **twelve (12) months and one (1) day**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

        - the defendant, on his release from imprisonment, shall continue to receive mental health treatment, therapy,

       counseling, testing, and education as directed by his probation officer and at his expense; provided furthermore, that during any such treatment or therapy, the defendant shall abstain from the use of alcohol and all other intoxicants; that to ensure continuity of treatment, the probation department is authorized to release all records concerning the defendant to any person or entity responsible for or involved in that treatment, therapy, counseling, testing, or education;

- that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol/substance abuse evaluation, and thereafter, at defendant's expense, receive any treatment therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer unless defendant is then in complete compliance with the periodic payment obligations imposed in these orders.

- that at defendant's expense, the defendant shall be placed on home detention for a period of **six (6) months**, to commence within twenty-one (21) days of release from imprisonment; provided, furthermore, that during this time, (1) the defendant shall remain at defendant's place of residence except for employment and other activities approved in advance by the probation department; (2) the defendant shall maintain a telephone at defendant's place of residence without any special services, modems, answering machines, or cordless telephone for the above period; and (3) the defendant shall wear an electronic device and shall observe the rules specified by the probation department;

7.    That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood; and

11. That the defendant shall voluntarily surrender and report, at defendant's expense to the institution designated by the Bureau of Prisons within fifteen (15) days of the date of designation.

Parties state they have no objections to the sentence imposed.

The defendant waives formal advisement of appeal.

Government orally moves to dismiss with prejudice Count 18 of the Indictment.

**IT IS FURTHER ORDERED** as follows:

12. That the government's oral motion to dismiss with prejudice Count 18 of the Indictment is **GRANTED**; that accordingly, Count 18 of the Indictment is **DISMISSED WITH PREJUDICE** as to this defendant only.

**3:14 p.m.    Court in recess.**

Total time in court:   01:18

Hearing concluded.